IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DEBORAH A. DICKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:11-cv-00738-NKL |
| | ) |
| CAROLYN V. COLVIN, | ) |
| Acting Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Dickson's counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1). [Doc. 20]. For the reasons set forth below, the Motion is granted.

**I.	Background**

Plaintiff Deborah Dickson filed her application for disability benefits in February 2008. After her application was denied, Dickson requested a hearing before an administrative law judge (ALJ). Hearings in front of an ALJ occurred in January 2010 and May 2010. The ALJ concluded Dickson was not disabled, and Dickson appealed this decision, first to the Appeals Council in August 2010, and then to this Court in August 2011. In March 2012, this Court reversed the Commissioner's decision and remanded the case for further consideration. [Doc. 12]. In April 2012, Dickson's counsel, Sharon J. Meyers (hereinafter Counsel), requested attorney fees pursuant to the Equal Access to

Justice Act (EAJA), 28 U.S.C. § 2412, and this Court awarded attorney fees in the amount of $5,800.00.  [Doc. 18].

In March 2013, upon remand to the Commissioner, Dickson received a partially favorable decision, which found that Dickson had been disabled since January 29, 2010. The past-due benefits owed to Dickson for this partially favorable finding total $41,706.00.  Consistent with 42 U.S.C. § 406(b), the Commissioner withheld 25 percent of that past-due amount – $10,426.50 – for the payment of attorney fees, and Counsel requests this amount in the alternative to the fee previously awarded to her under the EAJA.  Counsel requests this amount consistent with a contingency fee agreement between Dickson and Counsel.  Counsel acknowledges that, pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), fee awards may be made under both the EAJA and § 406(b), but the attorney must refund to the plaintiff the amount of the smaller fee. Counsel agrees to refund to Dickson the $5,800 she received under the EAJA award because it is the smaller of the two awards.  Deducting the $5,800.00 Counsel will return to Dickson from the $10,426.50 Counsel requests, the net fee Counsel requests is $4,626.50.   The Commissioner of the Social Security Administration does not object to an award to Counsel under § 406(b) in the amount of $10,426.50.

## II.    Discussion

Unlike fees awarded under the EAJA, which are paid by the Social Security Administration, fees awarded under 42 U.S.C. § 406(b) are paid from a claimant's past-due benefits.  Section 406(b) permits "a reasonable fee . . . not in excess of 25 percent of . . . the past-due benefits."  The Supreme Court of the United States has provided guidance

to courts determining whether a fee request under § 406(b) is "reasonable." In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court stated:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

(internal citations omitted). Because the fee requested by Counsel is within the 25 percent boundary, the Court must determine if the fee requested is reasonable for the services rendered. Factors to consider in determining whether a downward departure from the maximum 25 percent award is appropriate include the character of the representation and the results the representative achieved, whether the attorney is responsible for a delay causing the past-due amount to accumulate, or if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* at 808.

Considering the factors outlined in *Gisbrecht*, the Court finds that Counsel's request for 25 percent of the past-due benefits – $10,426.50 – is reasonable. Counsel submitted both an initial brief and a reply brief which successfully advocated for the reversal of the Commissioner's decision and for remand. These briefs extensively described Dickson's medical history and offered several arguments for why the ALJ's opinion was not supported by substantial evidence. Counsel was granted one two-week extension to the briefing deadline, which is a time period that did not significantly cause

the past-due amount to accumulate. Finally, the benefits are not large in comparison to the amount of time Counsel spent on the case. Counsel worked 34.75 hours on Dickson's case. After Counsel returns the $5,800.00 paid to her under the EAJA, Counsel will receive $4,626.50 for 34.75 hours of work.

Because the Court finds the fee request under § 406(b) to be "reasonable" under *Gisbrecht*, the Court grants Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1). [Doc. 20].

### III. Conclusion

The Court awards attorney fees under § 406(b) in the amount of $10,426.50 to Sharon J. Meyers, which shall be paid from the portion of Dickson's past-due benefits that are being held by the Social Security Administration. The amount will be paid directly to Ms. Meyers. It is further ordered that Ms. Meyers will refund to Dickson $5,800.00, which is the amount of attorney fees previously awarded to her under the EAJA. This refund shall be made within ten days of receipt of the fee award under § 406(b). Therefore, the net fee earned by Ms. Meyers is $4,626.50.


s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: February 10, 2015
Jefferson City, Missouri